Chief Justice Bibb
delivered the Opinion of the Court.
ON the 26th September, 1815. Joseph-Pollard jr. confessed a judgment to Benj. R. Pollard, on a motion by the latter, as plaintiff, against the former as defendant, upon a notice for money paid as security, by said Benjamin, on a replevin bond taken in a suit, in which Richard Taylor was plaintiff, and Joseph Pollard jr. and Thomas Pollard were’ defendants, with a note at the foot of the judgment.
The execution to be stayed until directions are received from Thomas Pollard sen. by writing or in person, respecting the emanation of the execution.”
On the 26th June, 1823, it was ordered, on the. motion of Benjamin R. Pollard, that he have execution on the judgment of 1815, aforesaid, and memorandum attached to said judgment; it appearing that the said Thomas Pollard bath departed this life, and that said Benjamin is the administrator, and no instructions, in person or in writing, having been given by said Thomas, in bis life time, respecting the emanation of this execution.
The first consideration is the propriety of sustaining a writ of error.
Upon motion, without notice, scire facias, or warning to shew cause, Benjamin Pollard revived his *360 judgment, and had judgment, fat execution, as upon scire facias. The anomaly of the proceeding and sentence of the court ought not to protect it from revision. We consider it substantially as a judgment for execution, in a case where scire facias should have issued, but where it did not. Ordinarily, execution ought not to go, but upon demand or order of the plaintiff. In this case the plaintiff had bridled his will and power, and given the reins to Thomas Pollard. If execution had issued without the directions of the court, then a motion to quash, should have preceded the writ of error. But the court, by its sentence or judgment, ordered it. In effect it is a judgment.
Where the stay of the execution at the foot of the judgment is indefiinite, (as till T. P. may order it,) if a year and a day elapse there must be a scire facias—
—That T. P. died, and the plaintiff in the judgment became, his administrator, does not change the case.
The judgment had been dormant from September 1815, until June 1023, near eight years, without any execution ever issued on that judgment.
The suspension was not for any definite time-not for a year nor for a day; Thomas Pollard, on the next day after the judgment, or within the year and a day, could have ordered execution. But the year and a day elapsed, without any application to have execution. Thomas Pollard in his lifetime, after the year and a day, could not have sued execution. without scire facias. It is not like the case of a cessat executio for a definite time, in which the year and day does not begin to run until the expiration of the stay expressed.
Thomas never applied for execution, and his administrates substitutes himself, in place of the decedant, without scire facias, notice, or warning to the defendant in the judgment.
A scire facias was necessary, if Thomas Pollard himself had desired to issue execution after such a long sleep. It was not less indispensable that the administrator of Thomas Pollard or Benjamin R. Pollard the plaintiff, should have sued a scire facias, after such lapse of time.
Without deciding whether, from the particular terms of the confession of judgment and stay of execution, any remedy upon the, judgment can now *361 he had; we are clear that the order for execution as if upon scire facias duly proceeded in, when no warning was attempted to be served on the defendant in the judgment, is wholly unwarranted and illegal. The assignment of errors, does not submit any other questions to our adjudication.
Crittenden, for plaintiff; Mayes, for defendant.
The judgment ordering execution, is reversed and set aside, and the cause, remanded to said court, with directions to dismiss the motion, as misconceived and irregular.
Plaintiff in error to recover his costs in this court.